IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-cv-311-F

| | | |
|---|---|---|
| LINDA K. DARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| v. | ) | |
| CUMBERLAND COMMUNITY | ) | |
| ACTION PROGRAM, INC., and | ) | |
| CYNTHIA WILSON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss Amended Complaint [DE-16], and Plaintiffs' Motion for Consultation [DE-26] and Motion for Voluntary Dismissal [DE-27].

## I. STATEMENT OF THE CASE

Plaintiff, proceeding *pro se*, initiated this action by filing a complaint [DE-1] in this court on April 26, 2013, and shortly thereafter filed an amended complaint [DE-4]. In the amended complaint, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* for discrimination and retaliation against Defendants Cumberland Community Action Program, Inc. ("CCAP") and Cynthia Wilson. On June 17, 2013, Plaintiff filed "Exhibit for Amended Complaint" [DE-15], wherein she appears to seek to add additional facts to the amended complaint and add Thomas Cudgel as a defendant. Defendants CCAP and Wilson moved to dismiss Plaintiff's claims [DE-16]. After the motion to dismiss was ripe and submitted to the undersigned, Plaintiff filed a motion [DE-26] "requesting a consultation" with counsel for defendants. Thereafter, she filed a document [DE-27] stating: "I would like to request voluntary dismissal of case # 5:13-cv-

00311 against Cumberland Community Action Program, Inc.," which this court has construed as a motion for voluntary dismissal.

## II. NOTICE OF VOLUNTARY DISMISSAL

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). In this case, Defendant CCAP has yet to file an answer or a motion fo summary judgment, so Plaintiff's notice [DE-27] serves to dismiss her claims against CCAP. The motion for voluntary dismissal [DE-27] is therefore ALLOWED, and the motion for consultation [DE-26] is necessarily DENIED as moot.

Plaintiff's notice, however, does not mention her claims against Defendant Cynthia Wilson, nor her apparent attempt to add Thomas Cudgel as a defendant. Accordingly, the court will consider both Defendant Wilson's motion to dismiss [DE-16] and the apparent motion by Plaintiff to amend the complaint [DE-15].

## III. MOTION TO DISMISS

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, a court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions," and a formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

The amended complaint attempts to assert claims under Title VII, or possibly the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*,[1] against Defendant Cynthia Wilson, the CEO of Defendant CCAP. *See* Amended Complaint [DE-4] ¶ 2. It is well settled, however, that supervisors are not liable in their individual capacities under either Title VII or the ADEA. *See, e.g., Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 181 (4th Cir. 1998) ("[Supervisors are not liable in their individual capacities for Title VII violations.") and *McNeal v. Montgomery County, Md.*, 307 F. App'x 766, 775 n.6 (4th Cir. 2009) ("[O]nly an employer, not an individual employee, may be held liable under the ADEA."). Accordingly, Plaintiff's claims against Defendant Wilson must be DISMISSED for failure to state a claim.

For the same reason, any motion by Plaintiff for leave to amend the complaint to assert Title VII or ADEA claims against Thomas Cudgel, identified by Plaintiff as the Human Resources Director of CCAP, *see* [DE-15], must be denied as futile. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (explaining that a district court may deny leave to amend a complaint when amendment would be futile or would not survive a motion to dismiss).

---

[1] As Defendants observe, the form amended complaint references only Title VII. Charges filed by Plaintiff with the Equal Employment Opportunity Commission, and attached to the original complaint, however, reference the ADEA. *See* Charges [DE-1-1 & 2].

3

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Voluntary Dismissal [DE-27] is ALLOWED, and her claims against Defendant Cumberland Community Action Program, Inc., are DISMISSED. Her Motion for Consultation [DE-26] is DENIED as moot. The Motion to Dismiss Amended Complaint [DE-16] is ALLOWED, and Plaintiff's claims against Defendant Cynthia Wilson are DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 2nd day of October, 2013.

*James C. Fox*
James C. Fox
Senior United States District Judge